### COHEN v. GOODMAN.

(Supreme Court, Appellate Term. February 8, 1912.)

MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENCE—OWNERSHIP OF WAGON.

In an action against defendant as the alleged owner of a wagon which ran over plaintiff, evidence of defendant's ownership *held* insufficient to go to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Hotchkiss, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jennie Cohen against Robert Goodman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Eugene Blumenthal, for appellant.
Goetz & Jacobowitz, for respondent.

GERARD, J. This action was brought for injuries alleged to have been caused plaintiff by a wagon alleged to have been owned by defendant. On July 18, 1911, the plaintiff was standing on the sidewalk, about two feet from its edge, on the southwest corner of Mercer and Eighth streets, this city. A wagon came over the curb onto the sidewalk and ran over her foot.

There was no evidence whatever adduced to connect the defendant with the accident. Plaintiff testified that the name on the wagon was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Robert Goodman," but her further examination showed that she did not see this name on the wagon, but was told by a policeman that the name was on the wagon. When Samuel Bernstein was called as a witness, as the alleged driver of the wagon which was alleged to have struck plaintiff, plaintiff failed to identify him as the driver of the wagon which hurt her. Bernstein admitted that he had an accident on the 18th day of July, and that he drove a wagon for one Robert Goodman, but said that he did not run over the plaintiff. The nature of the accident which Bernstein had was not shown, nor the time of day, nor the locality. There was, therefore, no evidence whatever in any way connecting the defendant or his employé with this accident.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

HOTCHKISS, J. I dissent. I think there was enough evidence adduced by plaintiff to have the question of ownership of the wagon submitted to the jury.